# CIRCUIT COURT OF BALTIMORE CITY.

Filed July 27, 1904.

ROBERT L. STEVENS, TRADING AS C. E. STEVENS BROS.,

VS.

MEYER AND THALHEIMER.

*Findlay & Mackenzie* for plaintiff.

*Wm. Colton* and *Joseph C. France* for defendant.

HARLAN, J.—

This case is before the Court on a motion to dissolve the injunction, which was issued on the filing of the original bill. An answer has been filed and testimony taken. The plaintiff is and for a number of years has been engaged in the business of manufacturing paper bags, which, he alleges, are largly sold to persons engaged in the business of selling staple articles of domestic consumption, such as teas, coffee, etc.

Six exhibits of these bags are filed with the bill. It is alleged that to further promote and extend the sale of his bags, plaintiff adopted the form of label or advertisement which appears on the said exhibits, and for the better protection of his rights in said label or form of advertisement he had the said labels and forms of advertisements registered with the Secretary of State in pursuance of the Act of 1892, Chapter 357, and six certificates of registration are filed as exhibits. It is also alleged that the defendants have been selling the paper bags made in imitation of each of plaintiff's said

labels or forms of advertisement so registered, and thereby have deprived plaintiff of large profits which he would have earned in the regular course of his business.

The relief asked is an injunction to restrain defendants from using said imitations, an order to surrender up such imitation forms of advertisement as they have on hand for destruction, the payment of costs and a counsel fee, as provided by the act before referred to, an account of all bags sold containing said forms of advertisement, damages and further relief.

An examination of the six exhibits shows that five of the bags have upon them advertisements of the brands of teas or coffees of the C. D. Kenny Company, for some of which he has, or claims, a trade mark; and the sixth has on one side an advertisement of the coffee of John Strohmer, and on the reverse an advertisement of Strohmer's Tea.

The proof shows that for many years C. D. Kenny and his successor, the C. D. Kenny Co., and the said John Strohmer had been buying bags with these advertisements upon them from plaintiff; that the forms of these advertisements had been gotten up for them for their use in business, had been submitted to them for approval and had been adopted and used as a label or advertisement of the products they were enclosing in the bags. So far as the Kenny Co. is concerned the labels in part consist of their trademarks.

It is also proved that about two years ago the defendants, at the instance and under the authority of the C. D. Kenny Co. and of John Strohmer, began to make bags for them, containing labels or forms of advertisement made in imitation of those they had been using, and which they had previously procured from plaintiff. This is the head and front of their offending. Thereafter plaintiff sought to obtain protection for the labels or forms of advertisement which he claims to have originated, by registering them under the Act of 1892. Ch. 357, with the name C. D. Kenny or Strohmer in whole or in part omitted, the plain purpose being to compel the Kenny Co. or Strohmer, if they desired to continue the use of the same label or form of advertisement which they had previously used for so long a time upon bags in which they sold their products, to buy of plaintiff at his price.

If the labels or forms of advertisement which were gotten up by the plaintiff were not copyrighted, and there is no claim that they were, and it would seem also that an advertisement or label cannot be copyrighted, 7th Am. & Eng. Ency. of Law, 2nd Ed., pp. 537-8, when they were published with plaintiff's consent, he lost his exclusive right to multiply copies of them, and unless he has some exclusive right to their use under the common law rules as to trade-marks or unfair competition in trade, or under the Act of 1892, Chap. 357, the injunction heretofore granted should be dissolved.

"The essential requisite of a trademark is that it shall indicate the origin or ownership of the article to which it is applied." Paul on Trade-Marks, Sec. 25. It is clear from the testimony that these labels were neither adopted for the purpose nor have they come by use to connect plaintiff with the origin or ownership of the bags upon which they were printed.

Plaintiff has many cuts, "four or five hundred," which he uses upon his bags and which were made to suit his different customers. If the labels or forms of advertisement in this case are trade-marks at all, they would seem to be the trade-marks of the Kenny Company, or of Strohmer, rather than of plaintiff, although this is not decided.

It is well settled that there can be no valid trade-mark in a device which is placed upon an article, not for the purpose of indicating origin, manufacture or ownership, but for some other purpose. Paul on Trade-Marks, Sec. 62.

The labels used by the plaintiff in this case were printed by him on his bags for the purpose of suiting his customers and giving them an attractive wrapper, that would prove useful to them, also as an advertising medium. No case has been cited where labels or forms of advertisements adopted for any such purpose have been protected as trade-marks.

The case of Hellerman Bros. vs. Powers, 102 Ky., 133 S. C., 29 L. R. A., 211, involving the protection of blue label of the Cigar Makers' International Union is clearly distinguishable. That label does indicate origin. It certifies that the cigars in the box

to which it is attached "were made by a first-class workman, a member of the Cigar Makers' International Union of America," and for one who did not employ union labor to use a fac simile of this label in order to get the benefit of the superior reputation of cigars made by such labor, would be to commit a fraud and was properly enjoined.

Nor does the present case come within the doctrines of the law as to unfair competition in trade. Every suit to restrain unfair competition is based on fraud. There is no fraud on the part of the defendant in making for the Kenny Company or Strohmer, *on their direction*, bags such as they need and wish to wrap their products in.

The Kenny Co. and Strohmer are not engaged in selling bags to the public; they sell teas and coffees and use bags to wrap them in, and the public are not concerned and care nothing as to who makes the bags, so long as they get the particular brands or quality of tea or coffee desired.

Nor does the present case derive any strength from the Act of 1892, Chap. 357. That Act is entitled "An Act to Protect Associations, Unions of Workingmen and Persons in their Labels, Trade-Marks and Forms of Advertisements, and to Punish Offenders for a Violation of the Same," and a careful examination of its provisions will show that the person, association or union of workingmen, who shall be entitled to the benefit of its provisions in such person, association, or union of workingmen as shall have adopted or shall hereafter adopt for "their" protection any label, trade-mark or form of advertisement "announcing and denoting that goods to which such label, trade-mark or form of advertisement shall or may be attached was manufactured by such person or by a member or members of such association or union."

We have already seen that the labels or advertisements exhibited in this case when taken in connection with the proof cannot be regarded as amounting or denoting that the bags to which they were attached were manufactured by plaintiff.

I am, therefore, of opinion that the motion to dissolve the injunction should prevail, and as the exceptions of the sufficiency of the answer do not effect the questions here considered, they will be overruled and an order will be signed accordingly.